UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  5:26-cv-04280-MWC-SSC **(ADELANTO)**          Date: August 4, 2026

Title:    Jose Mauricio Leon Llanos v. Facility Administrator, *et al.*


Present:  The Honorable Michelle Williams Court, United States District Judge


|          T. Jackson          |          Not Reported          |
| :--------------------------: | :----------------------------: |
|         Deputy Clerk         |     Court Reporter / Recorder    |

|  Attorneys Present for Plaintiffs:  |  Attorneys Present for Defendants:  |
| :---------------------------------: | :---------------------------------: |
|                 N/A                 |                 N/A                 |


**Proceedings: (IN CHAMBERS) ORDER GRANTING PETITIONER JOSÉ MAURICIO LEÓN LLANOS'S (A No. 246-061-178) EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER; ORDERING IMMEDIATE RELEASE (DKT. [2])**

Before the Court is Petitioner José Mauricio León's ("Petitioner") Emergency Motion for Temporary Restraining Order ("motion") seeking a temporary restraining order ("TRO") enjoining Respondents[1] from transferring Petitioner outside the Central District of California pending resolution of the Petition, ordering Petitioner's immediate release under reasonable conditions of supervision, enjoining Respondents from re-detaining him absent a pre-deprivation bond hearing, and issuing an order to show cause why the habeas petition should not be granted.  *See* Dkt. # 2 ("*Mot.*").  Respondents filed a response, arguing that "Petitioner is properly detained pending potential bond proceedings because this is the Petitioner's first detention" and that "he was not previously released from immigration detention or paroled."  *See* Dkt. # 8 at 2.

The Court issued a standing order on July 30, 2026, enjoining Petitioner's removal from the District pending further orders from the Court, and setting a briefing schedule on Petitioner's motion.  *See* Dkt. # 6.  For the reasons set forth below, the Court **GRANTS** the motion.

---

[1] The habeas petition lists Respondents as: Facility Administrator at Desert View Annex, Field Office Director (Immigration and Customs Enforcement ("ICE") Los Angeles), David Venturella (Acting Director, ICE), Markwayne Mullin (Secretary, Department of Homeland Security ("DHS")), and Todd Blanche (Acting Attorney General of the United States).  Dkt. # 1 ¶¶ 7–8.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   5:26-cv-04280-MWC-SSC **(ADELANTO)**                         Date: August 4, 2026

Title:     Jose Mauricio Leon Llanos v. Facility Administrator, *et al.*


I.     Background

The Petition details that Petitioner is a citizen of El Salvador who has lived in the United States for approximately twenty (20) years. Dkt. # 1 ("*Pet.*") ¶ 1. Petitioner entered the United States on or about November 26, 2005, and has resided in the United States ever since. *Id.* ¶ 9. Petitioner has a United States citizen child and has lived and worked in this country for two decades with "no prior order of removal." *Id.* ¶ 11.

On March 4, 2026, Immigration and Customs Enforcement ("ICE") officers apprehended Petitioner in Simi Valley, California. *Id.* ¶ 10; *see also* U.S. Dep't of Homeland Sec'y Form I-213, Dkt. # 1 ("*Form I-213*") at 14; Decl. of José Mauricio León, Dkt. # 2 at 4 ("*Llanos Decl.*") ¶ 3. ICE Officers conducted a field operation in Simi Valley, resulting in an investigatory stop of Petitioner as he exited his vehicle. *See Form I-213*. Officers interviewed Petitioner to "establish his identity and alienage." *Id.* Petitioner "admitted to being a citizen and national of El Salvador" and to entering the United States illegally. *Id.* Deportation Officers placed Petitioner in restraints and "then transported and booked [Petitioner] into the ICE Camarillo Staging Facility without incident." *Id.* ICE documents show that officers did not provide Petitioner a warrant until after they had arrested him, and officers did not provide Petitioner a pre-deprivation opportunity to contest his detention. *See id.*

Petitioner has been held at the Desert View Annex in Adelanto, California since his detention. *Llanos Decl.* ¶ 3. "Petitioner has never received a bond hearing before an immigration judge," and "[n]o neutral decisionmaker has ever reviewed whether his continued detention is warranted by danger or flight risk." *Pet.* ¶ 12; *see also Llanos Decl.* ¶ 4 ("I have never had a bond hearing before an immigration judge. No judge has ever decided whether I should be released or held."). Petitioner's scheduled immigration court dates "have been for removal proceedings, not custody determinations." *Pet.* ¶ 12; *see also Llanos Decl.* ¶ 4 ("My court dates have concerned my removal case, not my custody."). Petitioner requests the Court order his release under conditions of supervision. *Id.* ¶ 8; *see also Mot.* at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-04280-MWC-SSC **(ADELANTO)**                    Date: August 4, 2026

Title:     Jose Mauricio Leon Llanos v. Facility Administrator, *et al.*

II.     Legal Standard

A. *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

B. Temporary Restraining Orders

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). Where the non-movant is a government entity, "the third and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:26-cv-04280-MWC-SSC **(ADELANTO)**                      Date: August 4, 2026

Title:    Jose Mauricio Leon Llanos v. Facility Administrator, *et al.*

fourth [*Winter*] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

III.    Discussion

      A.    *Ex Parte* Application and *Mission Power* Factors

Petitioner has satisfied the *Mission Power* factors.  Petitioner has been in custody for five months, since March 2026, without receiving a pre-deprivation hearing, an opportunity to contest his detention, or any indication that his removal is likely in the foreseeable future.  Petitioner has been unable to care for his child or see his family.  Petitioner has also been unable to earn wages at his work.  If the Court heard the motion according to regularly noticed motion procedures, that would leave Petitioner detained for several additional weeks.  Thus, after five months in continued detention, *ex parte* relief is warranted.

      B.    Request for Relief from Detention

        i.    *Likelihood of Success on the Merits*

Petitioner has demonstrated a likelihood of success on the merits of his request for release from detention.  Petitioner argues that immigration authorities deprived him of the protections that the Due Process Clause of the Constitution requires.  *See Pet.* ¶ 3.  "Given that due process interests are at stake, we look to the test outlined in" *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1160 (9th Cir. 2004).  There, the Supreme Court discussed the need to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   5:26-cv-04280-MWC-SSC **(ADELANTO)**                          Date: August 4, 2026

Title:     Jose Mauricio Leon Llanos v. Facility Administrator, *et al.*


Regarding the first factor, Petitioner has a liberty interest in being free from detention.  As other courts have identified, a petitioner may have a liberty interest in freedom from detention regardless of whether he was previously in ICE detention.  *See, e.g.*, *Rivas Garcia v. Current or Acting Field Dir.*, No. 1:26-cv-03245 DAD SCR, 2026 WL 1265937, at *4 (E.D. Cal. May 8, 2026) ("Even assuming petitioner was not previously released at the discretion of immigration officials, he has a general liberty interest in freedom from detention."); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the [Due Process] Clause protects." (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992))).  Petitioner's interest is especially weighty given the prolonged nature of his detention.  *See Doe v. Becerra*, No. 23-cv-05327-RMI, 2024 WL 1018519, at *5 (N.D. Cal. Mar. 7, 2024) ("As to the first factor, it does not require much to conclude that Petitioner has a compelling interest—to say the least—in avoiding prolonged detention; it is equally evident that the government's interference with that interest necessarily increases while Petitioner spends more and more time in detention." (citation omitted)).  And Petitioner's detention impedes his ability to maintain gainful employment and see his family.  Accordingly, Petitioner's private interest in remaining free from detention is significant.

As to the second *Mathews* factor, Respondents maintain that "Petitioner appears to be entitled to request and receive an initial bond hearing," and that he is "at most" entitled to a bond hearing before an Immigration Judge.  *See Opp'n* at 2.  But Respondents ignore that, by their own account, Respondents detained Petitioner from his vehicle after an investigatory stop, and then immediately "transported and booked [Petitioner] into the ICE Camarillo Staging Facility without incident."  *See Form I-213*.  Accordingly, Petitioner never received notice or an opportunity to contest his detention prior to ICE detaining him.  "The absence of pre-deprivation procedures creates a high risk of erroneous liberty deprivation."  *Gomez Romero v. Wamsley*, No. C25-2207-JHC-MLP, 2025 WL 3628633, at *1 (W.D. Wash. Dec. 8, 2025).  For that reason, the second *Mathews* factor counsels in favor of Petitioner's release.

Still, the Court must consider the government's interests.  Though the government has an interest in the steady enforcement of its immigration laws, the government's interest in detaining Petitioner without any procedural protections is slight.  *See Pineda v. Chestnut*, No. 1:25-cv-01970-DC-JDP (HC), 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-04280-MWC-SSC **(ADELANTO)**                    Date: August 4, 2026

Title:     Jose Mauricio Leon Llanos v. Facility Administrator, *et al.*

---

*Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)).  And custody hearings for immigration detention are routine and impose a "minimal" cost on the government.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).  Thus, the third *Mathews* factor counsels in favor of granting Petitioner's release from detention.

> ii.     *Irreparable Harm*

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"  *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  While detained, Petitioner cannot see his child or his family, nor can he continue working to earn income to support himself or his loved ones.  "Moreover, the Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention,' including 'subpar medical and psychiatric care in ICE detention facilities.'"  *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *6 (C.D. Cal. Aug. 28, 2025) (quoting *Hernandez*, 872 F.3d at 999)*.*  As a result, this factor weighs in favor of granting Petitioner's release from detention.

> iii.    *Balance of the Equities and Public Interest*

As detailed above, the last two *Winter* factors "merge when the Government is the opposing party."  *Nken v. Holder*, 556 U.S. 418, 435 (2009).  As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws.  *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018).  Still, the balance of equities and the public interest factors tip in favor of Petitioner because he is challenging Respondents' likely violation of federal law.  *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) ("'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (quoting *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005))); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-04280-MWC-SSC **(ADELANTO)**                      Date: August 4, 2026

Title:     Jose Mauricio Leon Llanos v. Facility Administrator, *et al.*

Accordingly, and considering the other factors that the Court has already examined, Petitioner is entitled to immediate release from detention.

C.      Bond Requirement

Rule 65 notes that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.'"  *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original)).  "In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."  *Id.* (cleaned up).  "That is, the mandatory language of Rule 65(c) does not 'absolve[] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond.'"  *Vaskanyan v. Janecka*, No. 5:25-cv-01475-MRA-AS, 2025 WL 2014208, at *8 (C.D. Cal. June 25, 2025) (quoting *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003)).

Since the Court is ordering Respondents to follow the governing law, bond is unnecessary.  *See Swan v. Tanjuakio*, No. 21-00052 JMS-KJM, 2021 WL 1794756, at *8 (D. Haw. May 5, 2021) ("The court is simply requiring [defendant] to follow the law.  No bond is required." (footnote omitted)); *Hassanzadeh v. Warden*, No. ED CV 25-2113-DMG (MAAx), 2025 WL 3306272, at *6 (C.D. Cal. Nov. 25, 2025) (ruling that bond was unnecessary where the court ordered respondents to release immigration detainee from custody and follow the governing law).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-04280-MWC-SSC **(ADELANTO)**                    Date: August 4, 2026

Title:    Jose Mauricio Leon Llanos v. Facility Administrator, *et al.*

IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** the motion and **ORDERS** as follows:

1. Respondents must release Petitioner (A No. 246-061-178) immediately under the same terms applicable to him prior to his March 4, 2026, detention.

2. When releasing Petitioner, Respondents must return any property seized from him in the course of his arrest and detention.

3. Respondents are enjoined from re-detaining Petitioner without providing notice and a pre-deprivation hearing before a neutral adjudicator.

4. Respondents are enjoined from transferring Petitioner outside of the Central District of California pending final resolution of his case.

The Court **ORDERS** Respondents to serve a copy of this Order on Petitioner immediately. Respondents must file a declaration by 12 p.m. on August 6, 2026, attesting to Petitioner's release. Respondents are further **ORDERED** to show cause, in writing, no later than seven (7) days after this Order issues as to why a preliminary injunction should not issue. Petitioner may file a response no later than seven (7) days after Respondents' filing.

**IT IS SO ORDERED.**

                                                                                    :

                                                        **Initials of Preparer**   TJ